Filed 3/30/22  P. v. Dean CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Modoc)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>STEPHEN WEST DEAN III,<br><br>    Defendant and Appellant. | C093782<br><br>(Super. Ct. No. F20197) |

In light of recently enacted Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) (Senate Bill 567), effective January 1, 2022, defendant Stephen West Dean III appeals the upper-term sentence imposed following his plea of guilty to battery with serious bodily injury.  Defendant contends Senate Bill 567 necessitates a remand for resentencing in light of the recent statutory changes limiting the trial court's discretion to impose the upper term.  The People agree.  We remand for resentencing.

# I. BACKGROUND

Defendant entered an open plea to battery with serious bodily injury (Pen. Code, § 243, subd. (d)) following a fight with another inmate while housed at Modoc County Jail when he was 24 years old.[1]

The probation report recommended the court impose an upper-term sentence of four years, based on a number of aggravating factors, including: (1) the crime involved great violence resulting in great bodily injury; (2) the crime required planning, sophistication, and professionalism; (3) the crime indicated that defendant was a danger to society; and (4) defendant's criminal history indicates increasing seriousness. The probation officer concluded that there were no facts limiting the defendant's culpability nor were there any circumstances in mitigation. The trial court considered defendant's "good demeanor" and "good decorum" throughout the proceedings as a mitigating factor. Nonetheless, the court stated, "there's no question in my mind, in reviewing this [probation] report, that the aggravating circumstances far outweigh" those in mitigation and therefore the upper term was appropriate.

The trial court sentenced defendant to the four-year upper term.[2] Defendant timely appealed on February 12, 2021.

# II. DISCUSSION

Prior to Senate Bill 567, the Penal Code provided that, "the choice of the appropriate term shall rest within the sound discretion of the court. . . . In determining the appropriate term, the court may consider the record in the case, the probation officer's report, other reports, including reports received pursuant to section 1203.03, and

---

[1] Undesignated statutory references are to the Penal Code.

[2] It appears the trial court initially misspoke and pronounced that defendant be sentenced to the upper term of 94 years. The entirety of the record makes clear defendant was sentenced to four years.

statements in aggravation or mitigation submitted by the prosecution, the defendant, or the victim, or the family of the victim if the victim is deceased, and any further evidence introduced at the sentencing hearing." (§ 1170, former subd. (b).)

Senate Bill 567 amended sections 1170 and 1170.1 to limit the trial court's discretion to impose the greater term. Specifically, it limited the trial court's ability to impose a sentence greater than the mid-term unless the aggravating factors justify doing so and the facts underlying the circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt. (§ 1170, subd. (b)(1) & (2), as amended by Stats. 2020, ch. 29, § 15.)

Additionally, as relevant to defendant's appeal, section 1170, subdivision (b)(6) provides: "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] . . . [¶] (B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense." (See § 1016.7, subd. (b) ["A 'youth' for purposes of this section includes any person under 26 years of age on the date the offense was committed"].)

"The People correctly concede the amended version of section 1170, subdivision (b) that became effective on January 1, 2022, applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal." (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

Generally, statutes are presumed to operate prospectively. (*People v. Brown* (2012) 54 Cal.4th 314, 323.) *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) established an exception and governs retroactive application for ameliorative changes in the law. Under *Estrada*, "[n]ewly enacted legislation lessening criminal punishment or reducing criminal liability presumptively applies to all cases not yet final on appeal at the time of

3

the legislation's effective date.  [Citation.]  This presumption 'rests on an inference that, in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.' " (*People v. Gentile* (2020) 10 Cal.5th 830, 852.)  Statutes can apply retroactively to plea agreements through *Estrada* even when the contested legislation lacks discussion of pleas specifically.  (*People v. Stamps* (2020) 9 Cal.5th 685, 698-699.)  We review the application of retroactivity de novo.  (*People v. Andahl* (2021) 62 Cal.App.5th 203, 213, review granted June 16, 2021, S268336.)

Senate Bill 567 is ameliorative as it limits the trial court's ability to impose a sentence beyond the middle term.  The bill lacks language indicating a savings clause or some other signal that it should only apply prospectively.  The legislative history similarly lacks an intention for the bill to only apply prospectively.  As all of the relevant considerations have been met, we agree with the parties that *Estrada* applies to defendant's nonfinal appeal.

The People also concede that because the trial court imposed the four-year upper term even though defendant had not stipulated to the facts supporting the circumstances in aggravation and those facts had not been found true beyond a reasonable doubt, we must remand for the trial court to resentence defendant consistent with the changes made to section 1170, subdivision (b).  We accept the People's concession and will remand for resentencing.

## III.  DISPOSITION

We remand the matter for resentencing under Penal Code section 1170, as amended by Senate Bill 567 and related legislation.  In all other aspects, the judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

MAURO, Acting P. J.

/S/

_____

EARL, J.